IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

MAURICE SANDERS #B-79840,       )
                                )
            Plaintiff,          )
                                )
    v.                          )     No.  10 C 623
                                )
CITY OF CHICAGO, et al.,        )
                                )
            Defendants.         )

                        MEMORANDUM ORDER

    This 42 U.S.C. §1983 ("Section 1983") action by pro se plaintiff Maurice Sanders ("Sanders") has been transferred to this District Court (and thence to this Court's calendar) from the United States District Court for the Central District of Illinois (Sanders is in custody at the East Moline Correctional Center ["East Moline"], but the lawsuit stems from events that took place when Sanders was housed in the Cook County Department of Corrections ["County Jail"]).  This memorandum order addresses a few matters posed by Sanders' action.

    To begin with, although Sanders has filled out the AO 240 Application To Proceed Without Prepayment of the Filing Fee ("Application"), he did not also furnish the accompanying printout of transactions in his prison trust fund account called for by 28 U.S.C. §1915(a)(2).[1]  Although that printout was requested by the Clerk's Office for the Central District on

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

January 27 (before the case was transferred), no printout was among the papers received here, so this Court is causing our Clerk's Office to request that the printout be redirected here. As soon as that is done, this Court can make the calculation necessary to address the request in the Application.

In terms of the preliminary screening called for by Section 1915A, Sanders' allegations (which must of course be accepted as true for screening purposes) have set out at least one viable claim, so as to preclude any initial sua sponte dismissal.[2] Accordingly it appears that the action will be permitted to proceed against one or more of the named defendants after this Court is able to rule on Sanders' Application. In that respect, however, the defendant or defendants will be expected to provide this Court with more legible copies of the Complaint's exhibits that Sanders has proffered to confirm his exhaustion of administrative remedies (what Sanders has photocopied are his retained copies of those documents, which are obviously on colored paper that does not reproduce as well as the originals on file in the County Jail records).

_____
Milton I. Shadur
Senior United States District Judge

Date: February 1, 2010

---

[2] This Court neither makes nor implies any factual determination at this point.