```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

MAURICE SANDERS #B-79840,     )
                              )
              Plaintiff,      )
                              )
    v.                        )     No. 10 C 623
                              )
CITY OF CHICAGO, et al.,      )
                              )
              Defendants.     )

## MEMORANDUM

Several of the defendants in this 42 U.S.C. §1983 ("Section 1983") action by pro se plaintiff Maurice Sanders ("Sanders") have filed what they label "Defendants' Motion To Dismiss Plaintiff's Complaint."[1]  Because Sanders is proceeding without the benefit of counsel, this Court has decided that fairness requires the motion to be handled in an unusual fashion:  This memorandum will indicate this Court's proposed ruling on the motion, with the entry of any order being deferred until Sanders has had the opportunity to respond.

Sanders charges his constitutional rights were violated while he was in custody at the Cook County Department of Corrections ("County Jail").  According to his Complaint,[2] he

---

[1] In fact the motion seeks the movants' dismissal from the Complaint and this action, rather than dismissal of the Complaint as such, because it appears that some other named defendants have not yet been served with process.

[2] All further factual recitals in this memorandum are drawn from Sanders' Complaint, which must be credited for present purposes.

reported to an Officer Grey ("Grey") that he was being threatened by three "gang bangers" because he was not willing to become a gang member. Not only did Grey ignore Sanders' complaint, he was "sleeping on the job" on July 31, 2009 when the three gang bangers beat Sanders up, causing a broken nose and a cut eye that required five stitches.

In the current motion, Superintendent Slaughter and Lieutenant Martinez assert correctly, in this Court's view, that they have no Section 1983 exposure: Lieutenant Martinez is not mentioned anywhere other than in the case caption, while Superintendent Slaughter is spoken of only as having failed to take action after the occurrence when Sanders told him about the beating and about Grey having been asleep at the time--conduct that does not infringe on Sanders' constitutional rights. As for the County Jail Medical Staff (Cermak), also named in the case caption, not only is it not a suable entity but no potential Section 1983 claim has been advanced against it either. Accordingly this Court anticipates the likely granting of the motion to dismiss Superintendent Slaughter, Lieutenant Martinez and the Medical Staff as defendants.

That would leave only Grey remaining among the movants. And as to him, this Court is prepared to hold that a viable claim exists for deliberate indifference on his part. When Sanders' allegations are taken at face value, as they must be on the

current motion to dismiss, Grey had been warned expressly about Sanders' concerns, he had an affirmative obligation to preserve order in the area assigned to him, and yet he dishonored his responsibilities by going to sleep while on duty. That would suffice to keep him in the case, and unless he can come up with something better than the current motion, he will be expected to answer Sanders' Complaint on or before September 15, 2010.

To return to the other defendants dealt with in this memorandum, they will be dismissed unless on or before the same date--September 15, 2010--Sanders files some response that poses the prospect of retaining them in this lawsuit. Accordingly this Court anticipates the entry of an appropriate order well in advance of the next scheduled status hearing on October 15, 2010.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 1, 2010